```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**DAVID RABB,**

       Petitioner

v.                                          CIVIL ACTION NO. 2:09-0159

**DAVID BALLARD, Warden,**
**Mount Olive Correctional Complex,**

       Respondent

## MEMORANDUM OPINION AND ORDER

Pending is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed February 23, 2009.

This action was previously referred to Mary E. Stanley, United States Magistrate Judge, who, on July 23, 2009, submitted her Proposed Findings and Recommendation ("PF&R") pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). On August 7, 2009, the respondent filed objections to the PF&R.

After setting forth the complex procedural history of petitioner's attempts to obtain collateral review of his state conviction, the magistrate judge recommends that the petition be deemed untimely pursuant to 28 U.S.C. § 2244(d)(1) but saved

nevertheless as a result of extraordinary circumstances that warrant equitable tolling.[1]

Respondent objects, contending that (1) there was no misconduct by petitioner's counsel that warrants equitable tolling, and (2) there is no basis for equitable tolling based upon neglect by the state circuit court. Our court of appeals has observed as follows respecting the doctrine of equitable tolling:

> We have held that § 2244 allows for equitable tolling in those "'rare instances where -- due to circumstances external to the party's own conduct -- it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" Rouse v. Lee, 339 F.3d 238, 246 (4th Cir.2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). To be entitled to equitable tolling, a habeas petitioner must show that (1) he has pursued his rights diligently and (2) some "extraordinary circumstance" prevented him from filing in a timely

---

[1] Alternatively, the magistrate judge proposes that the petition be treated as timely based upon (1) the circuit court's failure to rule on petitioner's motions seeking extensions of time to appeal, and (2) the filing of a second habeas corpus petition. The magistrate judge recommends that these two events be treated as the functional equivalent of continuing the pendency of the first habeas corpus petition, with the effect that the limitations period would have been tolled during the entirety of the state collateral review proceedings. Respondent challenges this alternative basis for the magistrate judge's recommendation concerning timeliness but it need not be addressed in view of the disposition reached within on the matter of equitable tolling.

>   manner. <u>Lawrence v. Florida</u>, 549 U.S. 327, 127 S.Ct.
>   1079, 1085, 166 L.Ed.2d 924 (2007).
>
> <u>Green v. Johnson</u>, 515 F.3d 290, 304 (4th Cir. 2008).

Respondent commendably concedes that equitable tolling is discretionary and "'turns on the facts and circumstances of a particular case'" without bright-line guidance. (<u>See</u> Objecs. at 3 (quoting <u>Harris v. Hutchinson</u>, 209 F.3d 325, 330 (4th Cir. 2000 (internal quotation marks and further citations omitted)). As the magistrate judge appears to have observed, petitioner's default is not accurately explained as mere attorney-based neglect or malfeasance. Instead, the synergistic effect of the lawyer's lack of diligence and the circuit court's deferral, without action, of the several requests by petitioner to extend his time to appeal the decision on his first habeas petition combined to create extraordinary circumstances -- due to conduct external to that of the persistent petitioner.

A review of the record reflects that the petitioner himself undertook pursuit of the state collateral review process with diligence.[2] As set forth at length by the magistrate judge,

---

[2]The primary contention to the contrary by respondent is that petitioner should have filed his appeal respecting his first
(continued...)

3

petitioner appears to have been acting diligently throughout, politely seeking the aid of the circuit court on multiple occasions and fearing a procedural bar would somehow arise to thwart consideration of the appellate pursuit of his collateral remedies. The extraordinary remedy of equitable tolling is thus appropriate.

Based upon the foregoing, the court, accordingly, ORDERS as follows:

1. That the PF&R be, and it hereby is, adopted by the court and incorporated herein;

2. That respondent's motion to dismiss the petition be, and it hereby is, denied;

---

[2](...continued)
habeas petition despite his stated need, supported by good cause, for additional time to pursue the matter and determine if counsel would be appointed to assist him. The circuit court apparently concluded that counsel was necessary to assist petitioner inasmuch as the public defender was appointed to pursue the appeal on October 9, 2001. That appointment, however, evaporated on November 5, 2001, when the public defender was forced to withdraw. On November 10, 2001, substitute counsel was appointed; but he did not learn of his appointment until late November 2001, perhaps because the October 9 and November 10, 2001, orders were entered by different judicial officers. Eleven months later, appointed counsel seemed to remain uncertain about his status as petitioner's appellate lawyer, resulting in his written inquiry to the presiding circuit court judge. Under these circumstances, the court declines to conclude that petitioner was obliged to pursue pro se the appeal of his first habeas corpus petition.

3.   That petitioner's motion for stay and abeyance of the petition be, and it hereby is, denied; and

4.   That this action be, and it hereby is, referred anew to the magistrate judge pursuant to the terms of the original referral.

The Clerk is directed to forward copies of this written opinion and order to the pro se petitioner, all counsel of record, and the United States Magistrate Judge.

DATED: September 2, 2009

John T. Copenhaver, Jr.
United States District Judge