```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

DAVID RABB,

    Petitioner

v.                                    CIVIL ACTION NO. 2:09-0159

DAVID BALLARD, Warden,
Mount Olive Correctional Complex,

    Respondent

## MEMORANDUM OPINION AND ORDER

Pending is petitioner's motion for reconsideration and clarification of the Judgment ("motion to reconsider"), filed April 11, 2011.

On February 24, 2011, Mary E. Stanley, United States Magistrate Judge, entered her proposed findings and recommendation ("PF&R"). On February 28, 2011, the court granted respondent's motion for an extension of time to object to the PF&R. The deadline for objections was March 21, 2011. The court received timely objections from both petitioner and respondent. Pursuant to Federal Rule of Civil Procedure 72(b)(2), any responses to the objections were due within 14 days.

On March 31, 2011, the court entered its Judgment denying petitioner's request for relief pursuant to 28 U.S.C. §

2254.  Petitioner now asks the court to "allow for . . . [his] 'Response to Respondent's Objections.'"  (Mot. at 1).

Petitioner notes that he prepared, and had ready for mailing on April 4, 2011, a copy of the Response to Respondent's Objections.  Nevertheless, the court had not, as of May 9, 2011, found the document in the record.  The court, accordingly, entered an order on that date providing petitioner leave to file his Response to Respondent's Objections no later than May 20, 2011.  The docket reflects that petitioner mailed the Response to Respondent's Objections on that date.  They were received and filed May 23, 2011.

Petitioner asserts, <u>inter</u> <u>alia</u>, that respondent's objections to the PF&R incorrectly referenced the 1999 version of the statute governing petitioner's offenses.  Inasmuch as petitioner's criminal misconduct occurred in January 1997, he asserts his collateral attack should be analyzed with reference to the criminal statute then in effect.  The contention is immaterial.  Irrespective of the version relied upon by respondent, the court analyzed the correct version of the statute, namely, that which was in effect in January 1997.  The remainder of petitioner's Response to Respondent's Objections, along with his motion to reconsider, in no way undermine the

analysis found in the March 31, 2011, memorandum opinion and order that accompanied the Judgment entered the same day denying petitioner's request pursuant to 28 U.S.C. § 2254.

The court, accordingly, ORDERS that the motion to reconsider be, and it hereby is, denied.

The Clerk is directed to forward copies of this written opinion and order to the pro se petitioner, all counsel of record, the United States Magistrate Judge and the appellate case manager.

DATED: May 27, 2011

John T. Copenhaver, Jr.
United States District Judge